[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14400
Non-Argument Calendar

_____

D.C. Docket Nos. 2:11-cr-00495-KOB-HGD-1,

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HEATH THETFORD,

Defendant-Appellant.

_____

No. 13-14401
Non-Argument Calendar

_____

D.C. Docket No.  2:12-cr-00349-KOB-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HEATH THETFORD,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(August 11, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Michael Thetford, pursuant to a plea agreement containing a waiver-of-appeal clause, pleaded guilty in Case One to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and to conspiring to commit and committing wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and in Case Two to coercing a minor to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  The District Court thereafter sentenced Thetford to concurrent prison sentences as follows: 318 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for the firearm and child-coercion offenses and 240 months for the wire-fraud and child-pornography offenses. Thetford appeals his convictions on the ground that the Magistrate Judge denied him the ability to represent himself because he was unable to access a law library.

2

He appeals his sentences on the ground that he was improperly sentenced under the ACCA. We address these appeals in order.

## I.

During trial, Thetford repeatedly expressed his desire to proceed *pro se*. Concerned by the perils of *pro se* representation but cognizant of Thetford's constitutional right to represent himself, the Magistrate Judge fashioned a compromise. The judge allowed Thetford to proceed *pro se*, but arranged for a Federal Public Defender to assist him as stand-by counsel. Thetford subsequently filed a "Motion for Disposition of all Cases," in which he stated that he had been unable to access a law library in order to represent himself. The Magistrate Judge denied the motion, explaining in the process that Thetford had no right to access a law library since he had been given the option of being represented by counsel but had rejected it.

Although Thetford now challenges the Magistrate Judge's ruling, he failed to appeal that ruling to the District Court.[1] We therefore lack jurisdiction to review Thetford's claim regarding access to a law library. *See United States v. Brown*, 441 F.3d 1330, 1352 (11th Cir. 2006); *see also* Fed. R. Crim. P. 59(b)(2) (stating

---

[1] As it turned out—and at Thetford's request—the Magistrate Judge re-appointed the assistant public defender. A few days later Thetford entered into a plea agreement with the Government and tendered the guilty pleas indicated above.

that the failure to timely object to a magistrate judge's recommended disposition "waives a party's right to review" that disposition).

## II.

The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three previous violent felony convictions (each committed on occasions different from one another) is subject to a minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> . . .
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .

18 U.S.C. § 924(e)(2)(B). The final clause of § 924(e)(2)(B)(ii)—crimes that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another"—is known as the "residual clause." *See United States v. Howard*, 742 F.3d 1334, 1349 (11th Cir. 2014).

We review *de novo* the District Court's determination that a conviction qualifies as a violent felony under the ACCA. *Id.* at 1341. At issue here is Thetford's prior Alabama conviction for third-degree burglary. Under Alabama law, "[a] person commits the crime of burglary in the third degree if he knowingly

4

enters or remains unlawfully in a building with intent to commit a crime therein." Ala. Code § 13A-7-7.

The District Court found that the third-degree burglary conviction was a generic burglary conviction.[2]  We held recently, though, that a § 13A-7-7 burglary does not qualify as a generic burglary, and therefore does not constitute a "burglary" under the ACCA.  *See Howard*, 742 F.3d at 1349.  The District Court therefore erred in relying on Thetford's § 13A-7-7 conviction in sentencing him under the ACCA.  And, while the government presented an alternative argument that Thetford's offense qualified as a violent felony under the ACCA's residual clause, it has since withdrawn that argument based upon that clause's unconstitutionality.  *See Johnson v. United States*, 576 U.S. ___, ___, 135 S. Ct. 2551, 2563, ___ L. Ed. 2d ___ (2015) (holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process").

Accordingly, we vacate Thetford's sentences and remand the cases for resentencing.

AFFIRMED in part; VACATED and REMANDED in part.

---

[2] The Supreme Court has held that the ACCA's definition of "burglary" encompasses "only a special subclass of burglaries" containing "at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158, 109 L. Ed. 2d 607 (1990).  We refer to such a burglary as a "generic burglary." *See, e.g.*, *United States v. Howard*, 742 F.3d 1334, 1343 (11th Cir. 2014).

5